IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID TERRENCE STEPHENS,**
**D.O.C. # 059682,**

    Plaintiff,

vs.                                                  Case No. 4:17cv99-MW/CAS

**WARDEN JOHNSON,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This civil rights case was initiated by David Terrence Stephens on February 21, 2017. Because Mr. Stephens attempted to litigate ten prior cases[1] in 2016, he is well aware of the requirement that he demonstrate the § 1915(g) exception that he is under "imminent danger of serious

---

[1] The cases submitted in 2016 were: (1) case # 4:16cv05-WS-GRJ, filed on 01/05/16 and closed 02/01/16; (2) case # 4:16cv88-MW-CAS, filed on 02/11/16 and closed 03/11/16; (3) case # 4:16cv173-MW-CAS, filed on 03/18/16 and closed 05/17/16; (4) case # 4:16cv316-WS-CAS, filed on 05/31/16 and closed 07/11/16; (5) case # 4:16cv465-RH-CAS, filed on 07/22/16 and closed 10/24/16; (6) case # 4:16cv473-WS-CAS, filed on 07/28/16 and closed 10/03/16; (7) case # 4:16cv663-RH-CAS, filed on 10/18/16 and closed 12/06/16; (8) case # 4:16cv664-MW-CAS, filed on 10/18/16 with dismissal still pending; and (9) case # 4:16cv665-RH-CAS, filed on 10/18/16 and closed 12/06/16; (10) case # 4:16cv756-RH-CAS, filed on 12/07/16 and closed 02/08/17.

physical injury." 28 U.S.C. § 1915(g).  Mr. Stephens is well aware from the prior dismissals in this Court that he has more than "three strikes" and is not entitled to in forma pauperis status unless he can show he is in imminent danger.  He has also previously been advised that he cannot show imminent danger from a Defendant if he is not physically located with that Defendant.  *See, e.g.,* case # 4:16cv663-RH-CAS, ECF No. 5 at 2-3.  Mr. Stephens acknowledged in another complaint filed near the time this case was initiated that he is no longer "actually physically located" with Warden Richard Johnson, the only named Defendant in this case.  Case # 4:17cv89, ECF No. 1 at 4.

   Moreover, Mr. Stephens has not properly filed a complaint in this case.  He has, instead, submitted a document entitled "emergency order to show cause for preliminary injunction and temporary restraining order."  ECF No. 1 at 1.  It is unsigned by Mr. Stephens and is not accompanied by an affidavit or complaint which provides a clear and concise statement demonstrating Mr. Stephens is in danger of serious physical injury.  However, Mr. Stephens did submit a "notice 28 U.S.C. § 1915(g)" in which he makes a conclusory assertion that he is in "imminent danger of serious physical injury."  ECF No. 2.  The document does not show that

Mr. Stephens faces injury from Defendant Johnson but, instead, asserts that Sgt. Jones had inmates "attempt to kill Plaintiff with a weapon." ECF No. 2 at 1. He contends that inmates tried to "slash" his face, but he provides no statements which reveal involvement by Sgt. Jones or ongoing danger.

More importantly, Mr. Stephens is no stranger to litigation. He knows full well that he must file a complaint on a complaint form. He has not done so. Furthermore, the vague and conclusory assertions made in the "notice" are not sworn under penalty of perjury. Due to the repeated efforts made by Mr. Stephens to litigate frivolous claims in this Court, he should be required to comply with Local Rule 5.7 and filed a proper complaint on a complaint form,[2] signing the complaint as required by Federal Rule of Civil Procedure 11.

Because Mr. Stephens did not submit a proper complaint setting forth facts showing he is under imminent danger of serious physical injury by the named Defendant as required by Rule 8(a) and 28 U.S.C. § 1915(g), this case should be dismissed and all pending motions be denied.

---

[2] The local Rule provides tat the "Court need not - and ordinarily will not - consider a petition, motion, or complaint that is not filed on the proper form." N.D. Fla. Loc. R. 5.7(A).

Case No. 4:17cv99-MW/CAS

## RECOMMENDATION

It is **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) as Mr. Stephens has more than "three strikes" under § 1915(g)[3] and he has not filed a complaint demonstrating that he is in imminent danger of serious physical injury.  Any and all pending motions should be **DENIED**.  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 1, 2017.

      S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Prior cases filed by Mr. Stephens and dismissed by the Middle District of Florida as either frivolous, malicious, or for failure to state a claim include: case # 6:01cv1512, case # 6:04cv695, case # 6:04cv811, case # 8:06cv319, case # 6:07cv536, case # 8:09cv194, and case # 8:11cv1342.  *See* case # 8:13cv1397.  Additionally, Mr. Stephens has had cases dismissed under § 1915(g) including, but not limited to: case # 8:14cv1861, case # 8:14cv553, and case # 8:13cv1397.

Case No. 4:17cv99-MW/CAS

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.